# JUNE, 1905.

## J. W. Webb v. Mrs. M. J. Walters.

Decided June 2, 1905.

**Deed—Boundary—Construction by Parties.**

A deed described the lot conveyed as fronting on a certain road sixty-five feet in a straight line. The road curved, so that the lot, if measured by the margin of the road, would have a frontage of less than sixty-five feet. Prior to the time the vendee built on the lot a division line was run, and marked by notches on the fence, which gave the lot a frontage of sixty-five feet; and the vendor having agreed to such division, the vendee constructed his dwelling to such line. Held, that the construction so given to the deed by the parties would control, and the lot would not be limited to sixty-five feet measured by the margin of the road.

Appeal from the District Court of Shelby. Tried below before Hon. Tom C. Davis.

*J. L. King,* for appellant.

GILL, Associate Justice.—This is a boundary suit. It was brought,

however, in the ordinary form of trespass to try title and the defendant answered by general denial and plea of not guilty. Mrs. M. J. Walters was the plaintiff and J. W. Webb was the defendant. A trial to the court without a jury resulted in a judgment for plaintiff, and defendant has appealed.

The land in dispute is a strip triangular in shape 100 yards in length and two feet wide at its widest point. The facts are as follows: In bringing the suit appellee described the lot owned and occupied by her and sought by her proof to bring the disputed strip within her boundaries. The appellee and her former husband, P. K. Walters, owned the land now occupied by her and the lot claimed by appellant. Walters and wife sold the lot now held by appellant to E. B. Wheeler and Jas. T. Polley about five years ago. The lots of appellant and appellee join, the east boundary of appellant's lot being the west boundary of appellee's. About the date of appellant's purchase the lot was run off by a surveyor and the east line marked by notches made in the fences, and appellant now claims to those notches which are still to be found. The appellee's claim is based on the width of the lot according to the description in the deed by which it was conveyed.

The lot is described as fronting on the Teneha Road 65 feet in a straight line. The road as it runs past the premises curves so that if measured according to the margin of the road the lot will be less than 65 feet in width, and the contention of appellee will be established. If measured directly across the lot in a straight line, the appellant's contention will be established. The controversy arose upon this point, there being no dispute as to the width of the rear of the lot.

The marks made in the fences at the time of the survey give the lot a width of 65 feet at the front. The appellant so claimed with the knowledge of appellee and constructed his dwelling to that line. This suit was not begun until the dwelling was about completed. This is shown without dispute. It is further shown without dispute that the appellant and appellee, prior to the construction of the building, agreed on the boundary as contended for by appellant. Appellee had built her fence according to this agreed line as far down as her improvements extended.

We are of opinion the true construction of the descriptions in the deed is that the appellant's lot should have a width of 65 feet at its front, and not merely that much on the margin of the road; that this is the construction placed upon it by the parties and that it was confirmed by the agreement between the parties. The court therefore erred in rendering judgment for appellee.

The judgment is reversed and judgment here rendered establishing the boundary as claimed by appellant.

*Reversed and rendered.*